IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 08 CR 575 |
| v. | ) | Hon. Morton Denlow |
| | ) | |
| | ) | |
| JOSEPH ROBINSON | ) | |

**DEFENDANT JOSEPH ROBINSON'S MOTION
FOR RECONSIDERATION OF BOND**

Defendant JOSEPH ROBINSON, by the Federal Defender Program and its attorney DANIEL P. MCLAUGHLIN, respectfully moves this Honorable Court to reconsider the order of detention issued on July 22, 2008, and to order him released on conditions pending trial in this matter. Mr. Robinson requests a hearing on the instant motion. In support of this motion, Mr. Robinson submits the following:

1.  Mr. Robinson was arrested on July 18, 2008 and appeared before this Court on July 19 for an initial appearance. He has been charged by complaint with one count of bank robbery pursuant to 18 U.S.C. § 2113(a).

2.  On July 22, 2008, Mr. Robinson appeared before this Court for a preliminary examination and detention hearing. Following that hearing, the Court ordered Mr. Robinson detained as a danger to the community.

3.  As the Supreme Court held in United States v. Salerno, 481 US 739, 755 (1987), "In our society liberty is the norm, and detention prior to trial . . . is the carefully limited exception." This presumption of release is encapsulated in the bail statute, 18 U.S.C. § 3142. Congress's purpose in enacting the Bail Reform Act of 1984 was to detain a "small

but identifiable group of particularly dangerous defendants."[1]  Accordingly, the statute states that the Court "shall order" pretrial release, 18 U.S.C. § 3142(b), except in certain narrow circumstances.  Even if the Court determines under 18 U.S.C. § 3142(c) that an unsecured bond is not sufficient, the Court "shall order" release subject to "the least restrictive further conditions," that will "reasonably assure" the defendant's appearance at court and the safety of the community.  18 U.S.C. § 3142(c)(1).  The Court may only detain a defendant as a danger to the community if it finds, by clear and convincing evidence, that there is no combination of conditions that will reasonably assure the safety of the community.  18 U.S.C. § 3142(e), (f).

4.      Mr. Robinson respectfully submits that there are conditions which would reasonably assure the safety of the public.  Since the initial detention hearing, Sandra Robinson, Mr. Robinson's mother, has come forward and is willing to post her automobile as security to assure that Mr. Robinson complies with all conditions of release that the Court imposes.  Because no one in Mr. Robinson's family owns a home, this is the only property that can be posted as security for Mr. Robinson.

5.      To the extent that the Court has remaining concerns about the safety of the community, Mr. Robinson could be placed on electronic monitoring and in the custody of a responsible, third-party custodian.  Mr. Robinson's sister, Anika Robinson, is willing to serve as a third-party custodian.  Ms. Robinson lives in Traverse City, Michigan and is willing to allow Mr. Robinson to live with her at her home.  Should the Court order conditions of bond that include electronic monitoring, Ms. Robinson's home has the necessary phone service to allow for electronic monitoring.  The strict movement

---

[1] *See* David N. Adair, Jr., "Looking at the Law," Federal Probation (Washington, D.C. March 1993) at 74.

limitations imposed by electronic monitoring would reasonably assure the safety of the community.

6.      In addition, Mr. Robinson has never been convicted of a crime of violence in the past, nor is he alleged to have possessed a firearm or weapon during the course of the instant case. Mr. Robinson has one prior felony conviction, from over ten years ago, for conspiracy to defraud the United States. That case took place in this district; Mr. Robinson was released on a $4,500 unsecured bond and did not violate the conditions of his bond or fail to appear.

7.      The Bail Reform Act directs that the presumption of innocence must be applied in every case. 18 U.S.C. § 3142(j). It is this presumption, along with an individual's fundamental right to liberty under the Constitution and laws of this country, that the Bail Reform Act seeks to protect in strictly limiting the circumstances under which a defendant may be detained before a finding of guilt.

WHEREFORE, for all the reasons stated herein, JOSEPH ROBINSON respectfully moves this Court to release him from custody pending trial in this matter, subject to any conditions this Court deems appropriate. Mr. Robinson requests a hearing on the instant motion.

        Respectfully submitted,

        FEDERAL DEFENDER PROGRAM
        Terence F. MacCarthy
        Executive Director

        By: s/Daniel P. McLaughlin
            Daniel P. McLaughlin

DANIEL P. MCLAUGHLIN
FEDERAL DEFENDER PROGRAM
55 East Monroe St., Suite 2800
Chicago, IL 60603
(312) 621-8350

## CERTIFICATE OF SERVICE

     The undersigned, Daniel P. McLaughlin, an attorney with the Federal Defender Program, hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

**DEFENDANT JOSEPH ROBINSON'S MOTION
FOR RECONSIDERATION OF BOND**

was served pursuant to the District Court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand-delivery on August 13, 2008, to counsel/parties that are non-ECF filers.

                                        By:    s/Daniel P. McLaughlin
                                                    DANIEL P. MCLAUGHLIN
                                                    FEDERAL DEFENDER PROGRAM
                                                    55 E. Monroe St., Suite 2800
                                                    Chicago, Illinois 60603
                                                    (312) 621-8350